### DONOHUE v. CITY WATER POWER CO.

(Supreme Court, Appellate Division, First Department. December 31, 1913.)

CORPORATIONS (§ 668*)—FOREIGN CORPORATIONS—ACTIONS—SERVICE OF SUMMONS—CAUSE OF ACTION ARISING IN STATE.

The cause of action arose in the state, within Code Civ. Proc. § 432, allowing in such case service of summons on a foreign corporation to be made within the state on a director of it, the cause of action of the receiver of a domestic corporation being based on a scheme of an officer of the domestic corporation, by and with the incorporation of other domestic corporations, to despoil the first domestic corporation of its property rights, in performance of which he caused the foreign corporation to be formed, to which he assigned said first corporation's property rights, so that on the strength of those rights, so assigned to it, the foreign corporation, to secure its bonds, mortgaged such rights to another domestic corporation, and made still another domestic corporation its agent to sell the bonds.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2603–2627; Dec. Dig. § 668.*]

Appeal from Special Term, New York County.

Action by James M. Donohue, as receiver, against the City Water Power Company, impleaded. From an order vacating service of summons and complaint on said defendant company, plaintiff appeals. Reversed and motion denied.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Frank H. Cothren, of Brooklyn, for appellant.

Hornblower, Miller & Potter, of New York City (Morgan M. Mann, of New York City, of counsel), for respondent.

CLARKE, J. This was a motion at Special Term to vacate the service of a summons upon the City Water Company, a Connecticut cor-

poration, which had been made upon one Barnum, a director of said company in the city of New York. Service of summons upon a foreign corporation can be made within the state upon a director thereof only when the president, treasurer, assistant treasurer, secretary, or assistant secretary, or officer performing corresponding functions, cannot be found with due diligence, and no designation of a person to accept service under section 16 of the General Corporation Law (Consol. Laws 1909, c. 23) is in force, and the corporation has property within the state, or the cause of action arose therein. Section 432, Code Civ. Pro.

As it does not appear that the corporation has any property within the state, the only ground upon which the service in the case at bar could be sustained would be that the cause of action arose within this state. The action is brought by the receiver of the Hydraulic Properties Company, a domestic corporation, and the gravamen of the action is that, as the result of a conspiracy or wrongful and fraudulent plan formed and executed in the state of New York between William D. Johnson, the domestic corporations, Lawrence Barnum & Co., New York Trust Company, and Southwestern Power Company, and the foreign corporation, City Water Power Company, under which the property of the Hydraulic Properties Company, of which this plaintiff is receiver, was appropriated by acts which were, in contemplation of law, as well as in actual fact, done in the state of New York, the state of the domicile of all these companies except the respondent herein.

The allegation of the complaint is that one Johnson was the president and director of the Hydraulic Properties Company; that prior to September, 1911, said company, through said Johnson, submitted a proposal to the city of Austin, Tex., for the construction and maintenance of a dam across the Colorado river, near said city, for $100,-000 upon completion of and 50 semiannual installments of $32,400 each, to be paid each six months after the completion of the work; that in September, 1911, the City of Austin accepted said proposal, whereby said company acquired the franchises and rights under said contract; that thereafter Johnson, president and director of said company, without authority and in violation of his duty, wrongfully procured the issuance of said franchise and the making of said contract with himself individually; that he represented that he held the same in trust for said company; that the National Hydraulic Construction Company was incorporated by the Hydraulic Properties Company under an agreement by all the stockholders and directors that certain assets should be transferred to such National Company as consideration for the issuance of the stock of the latter company, among which was to be included the franchise and contract with the city of Austin; that the agreement was partially performed, but after the incorporation of the National Company and the assignment of certain letters patent to it, defendant Johnson and the Hydraulic Properties Company abandoned their purpose, and incorporated the Southwestern Power Company for the purpose of substituting the latter company for the National; and that Johnson duly assigned to said Southwestern Company the Austin franchise and contract; that thereafter said Southwestern Company attempted, in violation of sections 16 and 66 of the

Stock Corporation Law, to quitclaim and release its interests in said franchise to said Johnson, with the intent that same should be by him transferred as thereinafter set forth; that upon the incorporation of the defendant City Water Power Co., defendant Johnson assigned, or attempted to assign, said Austin franchise and contract to said City Power Company pursuant to a contract by said Johnson with said company; that said City Water Power Company has been caused to be incorporated by defendant Johnson and his agents and attorneys for the sole purpose of constructing and maintaining the Austin dam under said franchise and contract, and substantially the entire stock of said company was issued to Johnson and his agents; that said City Water Company has, since said alleged assignment, claimed all right, title, and interest in said Austin contract, and is now constructing said dam. . Other facts are set forth in respect to the issuance and transfer of patents; that at all times mentioned the Hydraulic Properties Company was insolvent, or its insolvency imminent, and that the transactions set forth were made with the intent to give a preference to said Johnson, and to enable him to monopolize assets of said company in fraud of the rights of creditors, to the knowledge of the remaining defendants; that on or about May 1, 1912, the City Water Power Company mortgaged to the New York Trust Company all its rights as security for an issue of $750,000 bonds, and made a contract with Barnum & Co. to sell part of said bonds.

It would seem that when a cause of action is based upon a scheme by a director and president of a New York corporation by and with the incorporation of two other New York corporations, to despoil the first corporation of its property rights, in performance of which he caused a foreign corporation to be formed, to which he assigned the first corporation's property rights, so that upon the strength of those rights held by the so-formed foreign corporation, it mortgaged those precise rights and property to another New York corporation to secure its bonds, and made another New York corporation its selling agent therefor, it may fairly be said that said cause of action arose in New York, especially when the receiver of the first corporation undertakes, in the courts of its own state, to inquire into and set aside these transactions and recover the property for its creditors and stockholders.

The fact that certain steps in the general procedure were taken in other jurisdictions, even to the extent of incorporating a foreign corporation, does not seem to me to affect the question of what the cause of action is and where it arose. We are not called upon to pass upon the complaint or speculate upon the prospects of ultimate success. We have to ascertain what cause of action the pleader sets up, and see whether that pleaded cause arose in this state. It seems to me that the cause of action here sued upon does sustain the service of a summons upon the director of a Connecticut corporation living in this state, said corporation being alleged to be the product of the fraud and conspiracy alleged, and the recipient of the tangible results thereof. `

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion to set aside the service of the summons denied, with $10 costs to the appellant. All concur.